847 F.2d 841
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul A. MASON, Appellant,
v.
UNITED STATES POSTAL SERVICE, Appellee.
 No. 88-1040.
 United States Court of Appeals, Federal Circuit.
 April 11, 1988.
 
 Before MARKEY, Chief Judge, ARCHER and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Postal Service Board of Contract Appeals (board), Paul A. Mason, PSBCA No. 1570, 87-1 BCA p 19,654 (1987), reconsideration denied, July 14, 1987, denying Paul A. Mason's (Mason's) appeal on quantum on his contract with the United States Postal Service, is affirmed.
 
 OPINION
 
 2
 The board's opinion belies Mason's assertion that it failed to rule on quantum. The board found that, despite its earlier ruling that Mason was entitled to compensation for increased operating costs for carrying excess mail, Paul A. Mason, PSBCA No. 1335, 86-1 BCA p 18,722 (1986), Mason failed to prove the amount, or quantum, of those costs. 87-1 BCA at 99,540.
 
 
 3
 The board properly held that Mason had the burden of proving damages. Wunderlich Contracting Co. v. United States, 351 F.2d 956, 968-69 (Ct.Cl.1965). Mason has shown no error in the board's finding that he presented no evidence on which the board could base a calculation of damages. 87-1 BCA at 99,540.
 
 
 4
 Mason correctly quotes the board's statement that Mason's recovery would be limited to $1,000 for each tender of mail if he could not prove cost increases beyond that figure. 87-1 BCA at 99,539; 86-1 BCA at 94,183. The board properly denied Mason's appeal in its entirety because it found there was no evidence to show how many tenders of excess mail Mason experienced.
 
 
 5
 Mason has shown no procedural error in the board's decision. The board considered all of Mason's arguments, including his constitutional claims. 87-1 BCA at 99,540.
 
 
 6
 Mason's remaining arguments relate to the board's 1986 entitlement decision and are irrelevant to this appeal. The board's findings and conclusions in that decision, e.g., 86-1 BCA at 94,182 ("[Mason] voluntarily furnished the larger truck"), 86-1 BCA at 94,183 ("Specific proof of the number of days will be part of the quantum determination on increased operating costs."), became final in 1986. 41 U.S.C. Sec. 607(g)(1)(A) (1982).
 
 
 7
 We affirm the board's decision because we do not find it to be contrary to law, fraudulent, arbitrary, capricious, so grossly erroneous as to necessarily imply bad faith, or unsupported by substantial evidence. 41 U.S.C. Sec. 609(b) (1982); see Erickson Air Crane Co. of Washington v. United States, 731 F.2d 810, 814 (Fed.Cir.1984).